**BRANDYWINE APARTMENTS ASSOCIATES, LTD. and Brandywine III Tenants Corp., Plaintiffs Below, Appellants,**

v.

**JUSTICE OF THE PEACE COURT of the State of Delaware, Defendant Below, Appellee.**

No. 336,2001.

Supreme Court of Delaware.

Submitted: Jan. 17, 2002.
Decided: Jan. 25, 2002.
Rehearing & Rehearing En Banc Denied Feb. 21, 2002.

Timothy M. Rafferty, Hockessin, for Appellants.

James J. Hanley, Deputy Attorney General, Department of Justice, Wilmington, for Appellee.

Before WALSH, HOLLAND, and BERGER, Justices.

PER CURIAM:

This is an appeal from a Superior Court order denying relief to Brandywine Apartment Associates, Ltd. ("Brandywine") in a *certiorari* action it instituted against the Justice of the Peace Court ("JP Court"), challenging the court's refusal to impose a mandatory penalty of double rent upon holdover tenants, pursuant to 25 *Del. C.* § 5515(b).* The Superior Court found that the language of § 5515(b) requiring that a holdover tenant "shall pay to the landlord a sum not to exceed double the monthly rental" is unambiguous and plainly does not impose a mandatory penalty, but instead establishes the maximum penalty which may be charged to a holdover tenant. Therefore, the Superior Court held, the JP Court acted within its discretion under § 5515(b) when it refused to

award Brandywine the double rent damages it sought.

This action began in Justice of the Peace Court No. 13 when Brandywine brought suit against several of their tenants who had defaulted on their lease agreements. In its complaints, Brandywine sought damages in an amount equal to double the rental amount, on a pro rata *per diem* basis, as provided for in 25 *Del. C.* § 5515(b). Each of the tenants failed to appear or otherwise respond to the action, and the JP Court entered default judgment against them on July 31, 1998. The court, however, awarded damages in an amount equal to a single month's rent, based on a pro rata, *per diem* rate. Brandywine argues that it is the practice of the JP Court to ignore the prayer for relief and instead to limit its damages award to the monthly rental amount—rather than double that amount, as permitted by § 5515(b).

We agree with the Superior Court that 25 *Del. C.* § 5515(b) is unambiguous and does not impose a mandatory penalty upon holdover tenants. The JP Court, therefore, act within their discretion in imposing penalties less than the maximum double rental amount in appropriate cases. While we accept this general proposition, we find that the Superior Court erred in holding that the JP Court acted within its discretion in applying § 5515(b) to the underlying dispositions at issue here.

In the cases giving rise to the *certiorari* proceeding in the Superior

---

* 25 *Del. C.* § 5515(b) provides: "Whenever the term of the rental agreement expires, as provided herein or by the exercise by the landlord of a right to terminate given the landlord under any section of this Code, if the tenant continues in possession of the premises after the date of termination without the landlord's consent, such tenant shall pay to the landlord a sum not to exceed double the monthly rental under the previous agreement, computed and pro-rated on a daily basis, for each day the tenant remains in possession for any period. In addition, the holdover tenant shall be responsible for any further losses incurred by the landlord as determined by a proceeding before any court of competent jurisdiction."

Court, there was not a basis upon which the JP Court was called upon to exercise its discretion. The tenants failed to appear or otherwise defend; there was no adversary presentation which could justify awarding a different amount of relief from that which was requested. In effect, the complaints sought liquidated damages which were ascertainable on the face of the pleadings. "If a defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2688 (3d. ed.1998). We conclude that the JP Court, in the absence of an appearance and presentation of proof by a defaulting party, may not refuse to impose the quantum of liquidated damages sought in the complaint and authorized by statute.

The judgment of the Superior Court is REVERSED and REMANDED with directions to the Superior Court to grant the writ of *certiorari* and require compliance of the Justice of the Peace Court with the damages sought in the underlying complaints.